■ EAST MEADOW COMMUNITY CONCERTS ASSOCIATION, Appellant, v. BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 3, COUNTY OF NASSAU, Respondent.— Upon reversal and remittitur by the Court of Appeals (*East Meadow Community Concerts Assn.* v. *Board of Educ.,* 18 N Y 2d 129, revg. 25 A D 2d 850), the decision of this court dated May 2, 1966 [25 A D 2d 850], is hereby amended to read as follows: In an action by an unincorporated association to enjoin a district Board of Education from interfering with presentation by plaintiff of a musical concert scheduled for the evening of March 12, 1966 at a stated high school, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered March 1, 1966, which dismissed the complaint after a nonjury trial. Judgment reversed, on the law and the facts, with costs, and judgment directed in favor of plaintiff (1) declaring that the revocation of the permit by the defendant board on the ground that the performer was a controversial figure was an unlawful restriction of the constitutional right of free speech and assembly and (2) directing the defendant board to issue a permit for the performance in question. Findings of fact contained or implicit in the decision and opinion of the court below (49 Misc 2d 643), insofar as they may be inconsistent herewith, are reversed and new findings are made as indicated herein. The date of the performance shall be fixed by agreement of both parties, made within 20 days after entry of the order hereon. In the event that a date cannot be agreed upon within such time, either party may make application to the court below for fixation of the date. We find that plaintiff is entitled on the merits to the declaration judgment granted. In our opinion, plaintiff's proposed use of the school facilities was not unlawful (cf. Education Law, § 414, subds. 3, 4). The record discloses that the defendant board revoked the permit on the sole ground that the performer was a controversial figure, and hence plaintiff is entitled to issuance of a permit for the performance in question on a date satisfactory to both parties. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.